UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

|  |  |
|---|---|
| **ENGINEERED BY SCHILDMEIER, LLC** ) | Cause No: 1:18-cv-3239 |
| ) | JURY TRIAL DEMAND |
| Plaintiff ) |  |
| ) |  |
| V. ) |  |
| ) |  |
| **WUHU XUELANG AUTO PARTS CO., LTD**   ) |  |
| **AMAZING PARTS WAREHOUSE dba as several names** ) |  |
| Defendants. ) |  |
| ) |  |

**COMPLAINT**

Plaintiff **ENGINEERED BY SCHILDMEIER, LLC** (hereinafter "Schildmeier" or "Plaintiff") by its attorney, John D. Ritchison, as and for its complaint against Defendants, **Amazing Parts Warehouse, dba several** and **Wuhu Xuelang Auto Parts Co., Ltd**, (hereinafter "Defendants" or "Named Defendants") and alleges as follows:

# I. NATURE OF THE ACTION

1. This is an action under the Patent Act, 35 U.S.C. §§ 1, et seq., for patent infringement [and more specifically under 35 U.S.C. §271 and §289] and the Lanham Act, 15 U.S.C. § 1051, et seq., for trade dress infringement/ unfair competition.

2. As alleged in detail below, Defendants have engaged in a conscious, systematic, and willful pattern of patent infringement as well as trade dress/ unfair competition, to the damage of the Plaintiff.

# II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1332 (diversity); 28 U.S.C. §1338(a) (action arising under the Patent Act); 28 U.S.C. 1338(b) (unfair competition joined with claims under the Patent Act) and 15 U.S.C. § 1121.

4. Upon information and belief, this Court has personal jurisdiction over both Defendants -- **Amazing Parts Warehouse,** dba as several names and **Wuhu Xuelang Auto Parts Co., Ltd** (hereinafter called Named Defendants) **--** because, inter alia, both named Defendants have committed, or aided, abetted, contributed to, or participated in, acts of patent infringement and trade dress infringement in the State of Indiana and in this Judicial District and has sold the product complained of herein in this Judicial District.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, inter alia, both Named Defendants transact business in this Judicial District by offering for sale and selling the products complained of herein in Indiana, both Named Defendants are subject to personal jurisdiction in this Judicial District, and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District, and Plaintiff **ENGINEERED BY SCHILDMEIER, LLC** is located in and being damaged in this Judicial District.

### III.  THE PARTIES

6. Plaintiff **ENGINEERED BY SCHILDMEIER, LLC** or "Schildmeier"  is an Indiana Limited Liability Company with a business address of 5575 S. Shadow Lane, Anderson, IN, 46017.

7. Upon information and belief, Defendant **Amazing Parts Warehouse** owns and operates a distribution warehouse business located at: **Amazing Parts Warehouse,** 172 Trade Street, Lexington, KY 40511 and as USKYN Warehouse, 41 Logistics Blvd, Suite A-2, Walton, KY 41094.  Amazing Parts Warehouse have several websites and offer exact copies of the Plaintiff's product. See comparison of products **Exhibit A.**  **Amazing Parts Warehouse** appears to sell the same product as various dba/ doing businesses with different named entities.  See **Exhibit B**. Most, if not all, the dbas are using the same distribution address but have various packaging means at or near this address on Trade Street.

8.  Upon information and belief, Defendant **Wuhu Xuelang Auto Parts Co., Ltd** is a business entity in China with a place of business at No. 518 Third XiZhi Road, Wuhu, Anhui,241000, People's Republic of China. See **Exhibit C.**

9.  Upon information and belief, Defendants Amazing Parts Warehouse may be using the same parts sourcing as Wuhu Xuelang Auto Parts Co., Ltd.  This is based on comparison of mold markings from various parts purchased in preparation of this complaint.

### IV.  PLAINTIFF'S PATENT

10. Plaintiff Schildmeier's patent is U.S. Design Patent No. D 816,584 for a "PAIR OF BED RAIL STAKE POCKET COVERS".  The application was filed on December 2, 2015 and the Design patent issued on May 1, 2018 from the United States Patent and Trademark Office (hereinafter the "'584 Patent"). A copy of the '584 Patent is attached as **Exhibit D.**

11. The Named Defendants have no known similar or associated Intellectual Property. However, a close comparison and explanation of the Plaintiff's and Defendant's parts are described in **Exhibit A.**

## V. DEFENDANTS' INFRINGING ACTS

12. Defendants have been offering to sell product on various websites since February, 2018. These include individual websites as well as Amazon and eBay.

13. Amazon has responded to requests to take down advertisements when shown the Design Patent. Amazing Parts Warehouse waits a time then reinitiates the Amazon efforts under a different dba. Then Amazon is re-informed and the alleged infringing products are again removed. The cycle repeats almost monthly.

14. With the advertisements on eBay, the removal has been refused. They (eBay) take the position that will not act on validity of patents without Court direction. **See Exhibit E.** EBay will not remove the advertisement of the alleged infringing defendants without specific Court direction.

15. The Named Defendants' BED RAIL STAKE POCKET COVERS includes each and every limitation shown in the Plaintiff's Design Patent D '584. See **Exhibit A.** Therefore, the Defendants' Pocket Covers is a literal infringement of the D'584 patent.

Plaintiff's Parts                    Defendants' Parts

 

## VI.  **DEFENDANTS'S NOTICE OF SCHILDMEIER'S PATENT RIGHTS**

16.  Plaintiff Schildmeier continues to notify the Defendants with a Cease and Desist letter sent through the Amazon and eBay contact emails as well as direct contacts with the websites and US Postal services.  See a typical letter **Exhibit F.**


17. On one occasion the response was an attempt to set process which Schildmeier declined.  See **Exhibit G.**

18. Upon information and belief, Plaintiff Schildmeier has lost nearly $100,000 in lost profits since February and is continuing to lose a minimum of $3,000.00 in profits per week.

## COUNT I
## FEDERAL PATENT INFRINGEMENT
### (U.S. Patent No. D 816,584)

19. ENGINEERED BY SCHILDMEIER, LLC reincorporates the allegations contained in paragraphs 1-18 above as if fully set forth herein.

20. Named Defendants, through their respective agents, employees, and/or servants, have been and currently are committing acts of direct infringement of the `584 Patent by making, using, selling, importing, and/or offering for sale in the United States the counterfeit and infringing BED RAIL STAKE POCKET COVERS.  In particular, the design claimed in the `584 Patent and the Named Defendants' BED RAIL STAKE POCKET COVERS are not only identical, but substantially the same, such that an ordinary observer, giving such attention as a purchaser usually gives, would be deceived into believing that the BED RAIL STAKE POCKET COVERS counterfeited by the Named Defendants are the same as the design claimed in the `584 Patent, therefore inducing an ordinary purchaser to purchase the Defendants' BED RAIL STAKE POCKET COVERS supposing them to be the design claimed in the Plaintiff's `584 Patent.

21.  Named Defendants have infringed and continue to infringe the `584 Patent by, inter alia, making, using, offering to sell, or selling in the United States, including the State of Indiana and within this District, the BED RAIL STAKE POCKET COVERS using the ornamental design covered by the `584 Patent in violation of 35 U.S.C. § 271.

22.  Named Defendants acts of infringement of the `584 Patent were undertaken without authority, permission or license from Plaintiff Schildmeier.

23. Named Defendants infringing activities violate 35 U.S.C. § 271 and that the '584 patent has, under the Patent Act, 35 U.S.C. §§ 1, et seq., a presumption of validity once the patent is examined and issued issued by the United States Patent Office.

24. Upon information and belief, Named Defendants have deliberately and willfully infringed upon Schildmeier's exclusive rights under the `584 Patent, with full notice and knowledge thereof.

25. Upon information and belief, Named Defendants, from their infringing activities of the `584 Patent, have received and will continue to receive, gains, profits, and advantages, in an amount not presently known to Schildmeier.

26. Schildmeier has been, and continues to be, greatly damaged by reasons of these acts of infringement and, upon information and belief, Named Defendants will continue to infringe the `584 Patent.

27. Schildmeier has suffered and will continue to suffer irreparable harm in its trade and business as a result of Named Defendants' infringement of the `584 Patent, for which Schildmeier is entitled to both preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

28. As a result of Named Defendants' infringement of the `584 Patent, Schildmeier is entitled to statutory relief pursuant to 35 U.S.C. § 289.

29. Schildmeier is entitled to monetary damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial and/or Named Defendants' profits on the BED RAIL STAKE POCKET COVERS by Named Defendants.

30. Upon information and belief, Named Defendants have engaged and are engaged in willful and deliberate infringement of the `584 Patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT II
## TRADE DRESS INFRINGEMENT

31. Plaintiff repeats each of the allegations set forth in paragraphs 1-30 as though set forth herein in their entirety.

32. Upon information and belief, the design of the BED RAIL STAKE POCKET COVERS offered for sale by Named Defendants, including within the State of Indiana and within this judicial district, is confusingly similar to the BED RAIL STAKE POCKET COVERS sold by Schildmeier, and is likely to cause confusion, mistake, or deception to the public as to the source, origin, sponsorship, or approval of such products.

33. Upon information and belief, Named Defendants have deliberately and willfully infringed the trade dress rights of Schildmeier in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Schildmeier has been and will continue to be irreparably harmed by such infringement unless this Court enjoins Named Defendants under 15 U.S.C. § 1116 from its continuing infringement.

35. As a result of Named Defendants' deliberate and willful infringement, Schildmeier is entitled to damages, Named Defendants' profits, an award of attorneys' fees and costs, and any and all relief authorized under 15 U.S.C. § 1117.

# COUNT III

### Declaratory Judgment of Design Patent Validity and Trade Dress Validity

36. Plaintiff repeats each of the allegations set forth in paragraphs 1-35 as though set forth herein in their entirety.

37. Upon information and belief, Patentee's alleged design patent in and to the design shown in the drawings represented in **Exhibit F**, and covered by United States Design Patent No. D '584 is invalid pursuant to the Patent Act.

38. Named Defendants products infringe Patentee's purported design patent '584.

39. Schildmeier is therefore entitled to a declaratory judgment of Schildmeier's rights and, specifically, that Named Defendants' manufacture, use, or sale of its products infringe any patent rights Schildmeier may have.

# COUNT IV
### Declaratory Judgment of Infringement and Validity of Trade Dress

40. Plaintiff repeats each of the allegations set forth in paragraphs 1-39 as though set forth herein in their entirety.

41. Patentee Schildmeier's purported trade dress is valid and protectable in that it is distinctive, has acquired secondary meaning, and is ornamental. Named Defendants' sale of BED RAIL STAKE POCKET COVERS products are likely to cause confusion, deception or mistake among consumers as to the source, sponsorship, affiliation or authorization of such products and specifically are likely to cause confusion among consumers vis-a-vis Patentee of any of Patentee's products. Schildmeier is entitled to a declaratory judgment of its rights and, specifically that Named Defendants'

manufacture, promotion, advertising and sale of BED RAIL STAKE POCKET COVERS products violate trade dress rights of Schildmeier under 15 U.S.C. § 1125.

## COUNT V

### Unfair Competition

42. Plaintiff repeats each of the allegations set forth in paragraphs 1-41 as though set forth herein in their entirety.

43. The acts of Patentee described above constitute unfair competition under applicable state law.

## JURY DEMAND

44. Plaintiff Schildmeier requests a trial by jury for all issues proper for a jury to decide.

## PRAYER FOR RELIEF

WHEREFORE, Schildmeier prays that this Court grant the following relief:

(a) Judgment determining that United States Design Patent No. D 816,584 is valid, enforceable, and infringed, directly and/or indirectly, by the Named Defendants;

(b) Judgment that Named Defendants have infringed Schildmeier's trade dress and violated Section 43(a) of the Lanham Act;

(c) An Order preliminarily and permanently enjoining Named Defendants, and their affiliates and subsidiaries, and each of their officers, agents, servants, employees, successors, and assigns, and all others in concert and privity with them from selling or offering for sale the BED RAIL STAKE POCKET COVERS, or any equivalent thereof, in the United States;

(d) Award Schildmeier the total profits realized by Named Defendants on the BED RAIL STAKE POCKET COVERS, or any equivalent thereof, that infringe the `584 Patent, pursuant to 35 U.S.C. § 289;

(e) Award damages to compensate Schildmeier for Named Defendants' infringement of the `584 Patent pursuant to 35 U.S.C. § 284;

(f) Award Schildmeier the total profits realized by Named Defendants on the BED RAIL STAKE POCKET COVERS, or any equivalent thereof, that infringe Schildmeier's trade dress and otherwise constitute unfair acts pursuant to 15 U.S.C. § 1117;

(g) Award Schildmeier enhanced damages pursuant to 35 U.S.C. § 284;

(h) Award Schildmeier pre-judgement and post-judgment interest and costs in accordance with 35 U.S.C. § 284;

(i) Declare this case to be exceptional and award Schildmeier its attorneys' fees, costs and expenses incurred in prosecuting this action, pursuant to 35 U.S.C. § 285 and Section 35 of the Lanham Act (15 U.S.C. § 1117); and

(j) All other just and proper relief in the premises.

Respectfully submitted,
For **ENGINEERED BY SCHILDMEIER, LLC**

/s/ John D. Ritchison

John D. Ritchison, Attorney No. 12066-48
Ritchison Law Offices, PC
115 East Ninth Street – Ste. A
Anderson, IN 46016

765-640-4134
jdritchison@comcast.net